UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABEIR SALEH, as Proposed Administratix of the Estate of DEV
MURJANI, Deceased

                            Plaintiffs                            VERIFIED COMPLAINT

       -against-                                    Index No.: CV-12 5962

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and THE NEW YORK CITY FIRE
DEPARTMENT,                                            MATSUMOTO, J.

                          Defendants.                       ORENSTEIN, M.J.
-------------------------------------------------------------------X

       Plaintiff, ABEIR SALEH, as Proposed Administratix of the Estate of DEV MURJANI, Deceased as and for a Complaint, allege and set forth as follows upon information and belief:

## JURISDICTION

1.      That at all times hereinafter mentioned, plaintiffs bring this suit pursuant to 42 U.S.C.A. §1981, §1983, §1985, §1986 and §1988; the United States Constitution and the laws of the State of New York. This court has jurisdiction pursuant to 28 U.S.C.A. §1331 and §1343.

2.      Plaintiffs further invoke the supplemental jurisdiction of this court to adjudicate pendant State law claims pursuant to 28 U.S.C.A. §1367.

3.      The amount in controversy exceeds the sum of TWENTY MILLION DOLLARS ($20,000,000.00), exclusive of interest and costs.

4.      Venue is properly laid in the United States District Court for the Eastern District of New York because the incident arose in the Eastern District of New York.

5.      Plaintiff, ABEIR SALEH demands a trial by jury on all causes of action set forth herein.

## PARTIES

6. That at all times hereinafter mentioned, plaintiff, ABEIR SALEH, submitted a Petition for Letters of Administration in the Surrogates Court, State of New York, County of Kings on November 28, 2012.

7. Plaintiffs are residents of the State of New York.

8. Plaintiffs reside at 1033 86th Street, Brooklyn, New York 11228.

9. Defendant, The City of New York, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, The New York City Police Department, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, The New York City Fire Department, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, owned, maintained, controlled and operated The New York City Police Department (hereinafter referred to as N.Y.P.D.)

13. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, owned, maintained, controlled and operated The New York City Fire Department (hereinafter referred to as N.Y.F.D)

14. That at all times hereinafter mentioned, defendants trained, supervised and disciplined police officers in the N.Y.P.D.

15. That at all times hereinafter mentioned, defendants trained, supervised and disciplined police officers in the N.Y.F.D.

## NOTICE OF CLAIM

16. That within 90 days of the date of the occurrence set forth herein below, and more particularly, on November 1, 2011, a duly verified notice of claim was served on the City of New

York, the New York City Police Department and the New York City Fire Department, setting forth the information required by statute; that more than 30 days have elapsed since service of said notice of claim and defendants have failed to pay or adjust said claim; that plaintiff, ABEIR SALEH has made herself available for a statutory hearing (50-h Hearing) which was held February 6, 2012; and that this action has been commenced within 1 year and 90 days of the date of occurrence.

## FIRST CAUSE OF ACTION

17. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees operated, managed, maintained and controlled the N.Y.P.D. 72nd precinct, located at 830 Fourth Avenue, Brooklyn, New York.

18. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, employed each of the police officers assigned to the N.Y.P.D. 72nd precinct.

19. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, hired, trained and supervised each of the police officers assigned to the N.Y.P.D. 72nd precinct.

20. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees operated, managed, maintained and controlled the N.Y.F.D. located in the County of Kings, City and State of New York.

21. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, employed each of the firemen assigned to the N.Y.F.D.

22. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, hired, trained and supervised each of the police officers assigned to the N.Y.F.D.

23. That on September 16, 2011 and at the time of the incident set forth herein, Plaintiff's Decedent, DEV MURJANI, was lawfully present within 437 39th Street, Brooklyn, New York.

24. That on September 16, 2011, commencing at approximately 4:30 a.m. through and including 6:15 a.m., Plaintiff's Decedent DEV MURJANI was maliciously brutalized, unjustifiably assaulted and battered by tazering him, causing him to suffer severe and serious injuries personal injuries resulting in his death.

25. That during aforesaid arrest, at 437 39th Street, Brooklyn, New York, Plaintiff's Decedent DEV MURJANI was assaulted and battered by the police officers from the 72nd Precinct, while acting in the course and scope of their employment by the N.Y.P.D., resulting in severe and permanent injuries resulting in his death.

26. That during aforesaid arrest, at 437 39th Street, Brooklyn, New York, Plaintiff's Decedent DEV MURJANI was assaulted and battered by the police officers from the 72nd Precinct, while acting in the course and scope of their employment by the N.Y.F.D., resulting in severe and permanent injuries resulting in his death.

27. That the aforesaid unlawful assault and battery was without probable or sufficient cause.

28. That the aforesaid unlawful assault and battery was wanton, reckless and unjustified.

29. That the aforesaid unlawful assault and battery was without reason or provocation.

30. That the aforesaid unlawful assault and battery was performed knowingly, intentionally and willfully.

31. That the aforesaid unlawful assault and battery was performed negligently and recklessly.

32. That the aforesaid unlawful assault and battery constitutes the use of excessive force.

33. That at no time during the aforesaid unlawful assault and battery were the offending police officers threatened with deadly force.

34. That each of the offending police officers and fire personnel were acting within the scope of their employment by the N.Y.P.D.

35. That each of the offending police officers and fire personnel were acting within the scope of their employment by the N.Y.F.D.

36. That the defendants are liable for the negligent acts and omissions of the offending police officers under the doctrine of respondeat superior.

37. That the aforesaid unlawful assault and battery occurred under color and authority of law.

38. That the aforesaid unlawful assault and battery deprived the Plaintiff's Decedent of his rights under the United States Constitution, the New York State Constitution, the Laws of the State of New York, the 14th Amendment to the United States Constitution, the United States Code, the laws, statutes, ordinances, rules and regulations of the City of New York.

39. That the aforesaid unlawful assault and battery was in violation of the rules, regulations, guidelines, policies and procedures of the New York City Police Department.

40. That the aforesaid unlawful assault and battery was in violation of the rules, regulations, guidelines, policies and procedures of the New York City Fire Department.

41. That the offending police officers and/or firemen were improperly trained.

42. That the offending police officers and/or firemen were improperly and negligently supervised.

43. That the offending police officers and/or firemen were improperly and negligently equipped.

44. That the aforementioned police officers and/or firemen unlawful assault and battery was without any pretense of legal process, was wrongful and unlawful, constituted excessive force and police brutality, all in violation of the rules and regulations of the N.Y.P.D., and the N.Y.F.D the decedent's civil and Constitutional rights.

45. That the aforesaid occurrence was due to the negligence of the defendants, their respective agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the N.Y.P.D., and/or the N.Y.F.D in failing to properly hire, train and supervise the offending members of the N.Y.P.D., and/or the N.Y.F.D in causing, permitting and allowing the offending police officers to unlawfully assault and commit battery upon Plaintiff's Decedent without just and probable cause, in violation of the Constitutional and Civil Rights of the Plaintiff's Decedent and in that they were careless, reckless and negligent in other respects.

46. That the aforesaid deprived the plaintiff's Decedent of his rights:

(a) not to be deprived of his liberty without due process of law;

(b) not to have summary punishment imposed upon him by police officers and/or firemen acting under color of law;

(c) not to have excessive and unnecessary force used against him by police officers and/or firemen acting under color of law;

(d) to equal protection of the laws;

All in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1981, 1983 and 1985(3).

47. That defendants, having caused the violations of plaintiff's Decedent legal and civil rights as described above, are liable to Plaintiff's Decedent under 42 U.S.C.A. 1983 and the First, Fourth, Fifth and Fourteenth Amendments.

48. That defendants, having employed the offending police officers and/or firemen described hereinabove and having clothed them with the authority of law, are liable to Plaintiff's Decedent under 42 U.S.C 1981 and the First, Fourth, Fifth and Fourteenth Amendments.

49. That as a result of the aforesaid occurrence, Plaintiff's Decedent sustained severe and serious personal injuries resulted in his death.

50. That as a result of the aforementioned occurrence, Plaintiff 's Decedent has sustained monetary damages in a sum that exceeds the monetary jurisdiction of all lower courts which would otherwise have jurisdiction herein.

## SECOND CAUSE OF ACTION FOR WRONGFUL DEATH

51. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint enumerated 1 through 50 inclusive, together with the same force and effect as though fully set forth at length herein.

52. That as a result of the foregoing, Plaintiff's Decedent was so grievously and seriously injured that he died of such grievous and serious injuries on the 16th day of September 2011

53. Upon information and belief, the aforesaid was occasioned by and resulted from the negligence, carelessness, recklessness, unskillfulness and unprofessionalism as herein above alleged, without any act, omission to act or negligent act on the part of the Plaintiff's Decedent contributing thereto.

54. That at the time of his demise the Plaintiff's Decedent left surviving his children. That prior to his demise plaintiff's-decedent, DEV MURJANI, was in good health, industrious and in possession of all his faculties.

55. That as a result of the death of plaintiff's decedent, his distributees have and/or will suffer a pecuniary loss due to his death, and the Estate has necessarily paid funeral expenses and will incur expenses in the settlement of the Estate of the decedent.

56. That by virtue of his wrongful death, the estate of Plaintiff's Decedent has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, Plaintiffs demand judgment against defendants in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS, together with attorney fees, interest, costs and disbursements.

Dated: New York, New York
December 3, 2012

        LASKIN LAW P.C.,
        Attorneys for Plaintiff
        585 Stewart Avenue – L20
        Garden City, New York 11530
        (516) 213-5151

        By: _____
        Michelle F. Laskin (0836)

TO: Michael A. Cardozo, Esq.
Corporation Counsel of the
City of New York
Attorney for defendant, The City of New York
The New York City Police Department and
The New York City Fire Department
100 Church Street
New York, NY 10007

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NASSAU  )

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney of record for the plaintiff(s). I have read the annexed COMPLAINT and know the contents thereof and the same is true to my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigation, materials in file, conversations with plaintiff.

The reason I make this affirmation instead of plaintiff is that the plaintiff(s) resides outside of the County in which I maintain my office.

MICHELLE F. LASKIN

I affirm that the foregoing
statements are true under the
penalties of perjury.

Dated: Mineola, New York
       December 3, 2012

Index No.:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABEIR SALEH, as Proposed Administratrix of the Estate of DEV MURJANI, Deceased

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and THE NEW YORK CITY FIRE DEPARTMENT

Defendant(s).

## VERIFIED COMPLAINT

LASKIN LAW PC
Attorneys for Plaintiff(s)
410 East Jericho Turnpike
Mineola, New York 11501
(516) 213-5151

===================================================================
Service of a copy of the within                                   is
hereby admitted.

Dated:    Mineola, New York
          May 14, 2012                  _____
                                        MICHELLE LASKIN, ESQ.
===================================================================

**PLEASE TAKE NOTICE**

___    That the within is a true copy of an
entered in the office of the clerk of the within named Court on

___    That an Order of which the within is a true copy will be
presented for settlement to the Hon.         , one of the judges
of the within named Court, at                , N.Y., on
     at 9:30 a.m.

                              LASKIN LAW PC
                              Attorney(s) for Plaintiff(s)
                              410 East Jericho Turnpike
                              Mineola, New York 11501

**TO:**    Attorney(s) for Defendant(s)