UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ABEIR SALEH and JONATHAN MURJANI, Co-Administrators
of the Estate of DEV MURJANI, Deceased,

                                 Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICERS
"JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE"
SHIELD 1245, THE NEW YORK CITY FIRE
DEPARTMENT, EMERGENCY MEDICAL SERVICE
WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN
DOE" 1-5 "such names being fictitious as the identity of same
individuals are unknown"

                                 Defendants.
-----------------------------------------------------------------------X

**AMENDED VERIFIED COMPLAINT**

Index No.: 12-cv-5962
(KAM) (JO)

       Plaintiffs ABEIR SALEH and JONATHAN MURJANI, Co-Administrators of the Estate of DEV MURJANI, Deceased, complaining of the defendants THE CITY OF NEW YORK, THE NEW YORK CITY, POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, THE NEW YORK CITY FIRE DEPARTMENT, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5, "such names being fictitious as the identity of same individuals is unknown" (collectively "DEFENDANTS") herein, by and through their attorney, LASKIN LAW P.C., allege the following upon information and belief:

## INTRODUCTION

1. On or about September 16, 2011 between approximately 04:41 and 06:15 in the morning, on the premises of 437 39th Street, Brooklyn, New York, said premises being known as the Days Inn Hotel/Motel, located in the County of Kings, State of New York, and within the 072 Precinct

located at 830 4th Avenue, Brooklyn, New York, defendants THE CITY OF NEW YORK, THE NEW YORK CITY, POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, THE NEW YORK CITY FIRE DEPARTMENT, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5 utilized a taser device and tasered decedent DEV MURJANI ("MURJANI") in the chest and body and struck decedent MURJANI with their batons, hands and/or fists, and kicked MURJANI with their feet and forcibly restrained him and placed him in a body bag, causing DEV MURJANI to sustain severe and grievous personal injuries, which resulted in his death on September 16, 2011 at Lutheran Medical Center, Brooklyn, New York.

2. By this action, plaintiffs ABEIR SALEH and JONATHAN MURJANI, Co-Administrators of the Estate of DEV MURJANI, Deceased seeks to recover monetary damages, including attorneys' fees from defendants.

## JURISDICTION

3. Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment of the Constitution of the United States of America (U.S. Const. Amends. IV) and under the Civil Rights Act, United States Code, Title 42, §1983 (42 U.S.C.A.) as hereinafter more fully appears.

## PARTIES

4. On March 13, 2014, ABEIR SALEH and JONATHAN MURJANI were appointed Co-Administrators of the Estate of DEV MURJANI by the Honorable Margarita Lopez Torres, Surrogate of the County of Kings, State of New York.

5. Administrator ABEIR SALEH is a natural person of the United States of America and

resides in the State of New York.

6. Administrator JONATHAN MURJANI is a natural person of the United States of America and resides in the State of California.

7. Defendant, THE CITY OF NEW YORK was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE NEW YORK CITY POLICE DEPARTMENT was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, defendants POLICE OFFICERS "JOHN DOE 1", "JOHN DOE 2", "JOHN DOE 3", "JOHN DOE 4", JOHN DOE 5", (collectively known as "JOHN DOE 1-5") are natural persons of the United States of America and/or a natural persons who reside in the State of New York.

10. Upon information and belief, defendant NYPD SARGENT "JOHN DOE" SHIELD 1245 is a natural person of the United States of America and/or a natural person who resides in the State of New York.

11. Defendant THE NEW YORK FIRE DEPARTMENT was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, defendants EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE 1", "JOHN DOE 2", "JOHN DOE 3", "JOHN DOE 4", JOHN DOE 5", (collectively known as "JOHN DOE 1-5") are natural persons of the United States of America and/or a natural persons who reside in the State of New York.

13. Upon information and belief, defendants FIREMEN "JOHN DOE 1", "JOHN DOE 2", "JOHN DOE 3", "JOHN DOE 4", JOHN DOE 5", (collectively known as "JOHN DOE 1-5") are natural persons of the United States of America and/or a natural persons who reside in the State of

New York.

14. At all times hereinafter mentioned, defendants POLICE OFFICERS "JOHN DOE 1-5" were employees of defendant THE CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT and, at all times referred to hereafter, were working for and acting within the scope of their employment and under color of state law for defendant THE CITY OF NEW YORK and/or THE NEW YORK POLICE DEPARTMENT. At this time, plaintiff does not have knowledge of the names and ranks of the police officers involved herein.

15. At all times hereinafter mentioned, defendants EMERGENCY MEDICAL SERVICE WORKERS "JOJN DOE 1-5" were employees of defendant THE CITY OF NEW YORK and/or THE NEW YORK CITY FIRE DEPARTMENT and, at all times referred to hereafter, were working for and acting within the scope of their employment and under color of state law for defendant THE CITY OF NEW YORK and/or THE NEW YORK CITY FIRE DEPARTMENT. At this time, plaintiff does not have knowledge of the names and ranks of the emergency service workers involved herein.

16. At all times hereinafter mentioned, defendants FIREMEN "JOJN DOE 1-5" were employees of defendant THE CITY OF NEW YORK and/or THE NEW YORK FIRE DEPARTMENT and, at all times referred to hereafter, were working for and acting within the scope of their employment and under color of state law for defendant THE CITY OF NEW YORK and/or THE NEW YORK CITY FIRE DEPARTMENT. At this time, plaintiff does not have knowledge of the names and ranks of the firemen involved herein.

17. On or about November 2, 2011, before the commencement of this action, a Notice of Claim on behalf of plaintiff ABEIR SALEH, as Proposed Administratrix of the Estate of DEV MURJANI, Deceased, was served in writing sworn to by or on behalf of the claimant, by delivering same by

personal service upon defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT which said Notice of Claim set forth the name and post office address of claimant and claimant's attorney, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

18. Said Notice of Claim was presented and delivered to defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

19. On February 6, 2012, plaintiff ABEIH SALEH was orally examined by defendant THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT at a hearing conducted pursuant to section 50h of the General Municipal Law of the State of New York.

20. This action was commenced within one year and ninety (90) days after such causes of action arose and more than thirty (30) days have elapsed since the service of this claim or such claim was presented, and defendant THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT has failed and/or refuses to make an adjustment or payment of said claim.

21. This Amendment to the Complaint to add defendants POLICE OFFICERS "JOHN DOE 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5 is within three years of the date of the incident pursuant to 42 U.S.C.A. §1983

<u>**CUSTOMS AND PRACTICES OF DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY FIRE**</u>

### DEPARTMENT WHICH LED TO THE ASSAULT AND BATTERY AND USE OF EXCESSIVE FORCE AGAINST PLAINTIFF'S DECEDENT DEV MURJANI

22. Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT have a number of customs and practices which are employed by THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT which caused and/or contributed to the assault and battery and use of excessive force against plaintiff's decedent DEV MURJANI.

23. Upon information and belief, defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and THE NEW YORK CITY FIRE DEPARTMENT, their agents, servants and/or employees, including employees of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT, due to lack of training, instruction and supervision with regard to the use of taser devices, striking with batons, their hands and/or fists and feet and restraining in body bags, failed to train and instruct, and/or improperly trained and instructed its employees in the appropriate use of a taser devices, baton, hands, feet and body bag restraints, and the appropriate circumstances and number of times to use taser devices and the amount of force to employ relative to the use of batons, hands and/or fists and feet, and the proper use of body bags.

24. Each and all of the alleged acts of the defendants were done by them, and each of them, not as individuals, but under the color and authority of the statutes, ordinances, regulations, customs, and usages of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT in the State of New York, and under the authority of their positions as police officers, firemen and emergency service workers for THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW

YORK CITY FIRE DEPARMENT.

25. As a result of defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT, their agents, servants, and/or employees failure to properly train, instruct, and/or supervise its agents, servants and/or employees, including defendants POLICE OFFICERS "JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5, in the improper use of taser devices, batons, hands and/or fists and/or feet, and the use of body bag restraints, plaintiffs' decedent DEV MURJANI's constitutional rights were violated by the employment of excessive force through the use of a taser device, baton, hands and/or fists and/or feet body and a body bag restraint, causing him to sustain serious physical injuries and death.

26. Upon information and belief defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT, their agents, servants and/or employees failed to properly supervise and monitor defendants POLICE OFFICERS "JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5.

27. As a result of the defendant THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT, their agents, servants and/or employees failure to properly supervise and monitor defendants POLICE OFFICERS "JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5, plaintiff's decedent DEV MURJANI's constitutional rights were violated by, among other things, the employment of excessive force against him by defendants POLICE OFFICERS "JOHN DOE" 1-5,

NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5, causing him to sustain serious physical injuries and death.

<b><u>AS AND FOR A FIRST CAUSE OF ACTION<br>VIOLATION OF CIVIL RIGHTS PURSUANT<br>TO THE FOUTH AMENDMENT<br>(EXCESSIVE FORCE)</u></b>

28. Plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators of the Estate of DEV MURJANI repeats and reiterates the allegations contained in paragraphs 1 through 27.

29. Defendants use of a taser device multiple times upon decedent DEV MURJANI and striking decedent MURJANI in the head and body with a baton, hands and/or fists and feet and restraining him in a body bag, was in violation of the rights guaranteed to plaintiffs' decedent DEV MURJANI pursuant to the Fourth Amendment of the United States Constitution.

30. Defendants use of a taser multiple times and striking plaintiffs' decedent DEV MURJANI in the head and body with their batons, hands and/or fists and feet and restraining him in a body bag was not reasonable under the circumstances.

31. The conduct and acts of the defendants were performed under the color of state law.

32. As set forth above, such improper conduct was the custom and practice of defendant THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT as the result of the improper training, instruction and/or supervision by defendants THE CITY OF NEW YORK THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY FIRE DEPARTMENT of its agents, servants and/or employees, including defendants POLICE OFFICERS "JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5,.

33. As a result of their conduct, Defendants violated plaintiffs' decedent DEV MURJANI's civil rights and are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

34. As a result, plaintiffs' decedent DEV MURJANI suffered physical injuries and death.

35. As a result thereof, the Estate of DEVMURJANI, has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
## ASSAULT

36. Plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators of the Estate of DEV MURJANI repeats and reiterates the allegations contained in paragraphs 1 through 35.

37. Defendants conduct detailed herein, including utilizing a taser device multiple times upon decedent MURJANI and striking of decedent MURJANI with a baton, hands and/or fists and feet and restraining him in a body bag was done with the intent of placing plaintiffs' decedent DEV MURJANI in fear of imminent harmful and offensive contact and did in fact place DEV MURJANI in fear of imminent harmful and offensive conduct.

38. As a result, plaintiffs' decedent DEV MURJANI suffered physical and mental injuries and death.

39. As a result thereof, the Estate of DEV MURJANI, has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## (BATTERY)

40. Plaintiff's Plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators of the Estate of DEV MURJANI repeats and reiterates the allegations contained in paragraphs 1 through 39.

41. Defendants' conduct in utilizing a taser device multiple times upon decedent MURJANI and

striking plaintiff's decedent DEV MURJANI in the head and body with a baton, hands and/or fists and feet and restraining him in a body bag was intentional.

42. Plaintiffs' decedent DEV MURJANI did not consent to the intentional touching of his body.

43. Such conduct by the defendants towards plaintiffs' decedent DEV MURJANI constituted offensive bodily conduct.

44. As a result, plaintiffs' decedent DEV MURJANI suffered physical and mental injuries and death.

45. As a result thereof, the Estate of DEV MURJANI, has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
## (OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS)

46. Plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators of the Estate of DEV MURJANI repeats and reiterates the allegations contained in paragraphs 1 through 45.

47. Defendants' conduct toward plaintiff's decedent DEV MURJANI detailed herein, including the utilization of a taser device multiple times and the striking of plaintiffs' decedent DEV MURJANI in the head and body with a baton, hand and/or fists and feet and restraining him in a body bag was intentional and done for the purpose of causing severe emotional distress to plaintiff's decedent DEV MURJANI.

48. Defendants conduct toward plaintiffs' decedent DEV MURJANI, including all the acts and/or omissions detailed herein, were done in a manner so shocking and outrageous as to exceed the bounds of decency and caused plaintiff's decedent DEV MURJANI severe emotional distress.

49. As a result, plaintiffs' decedent DEV MURJANI suffered physical and mental injuries and death.

50. As a result thereof the Estate of DEV MURJANI, has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION FOR WRONGFUL DEATH

51. Plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators of the Estate of DEV MURJANI repeats and reiterates the allegations contained in paragraphs 1 through 50.

52. That as a result of the foregoing plaintiff's decedent DEV MURJANI was so grievously and seriously injured that he died of such grievous and serious injuries on the 16th day of September, 2011.

53. The aforesaid was occasioned by and resulted from the conduct of defendants, more particularly the utilization of a taser device multiple times and the striking of plaintiff's decedent DEV MURJANI in the head and body with a baton, hand and/or fists and feet and restraining him in a body bag as hereinabove alleged, without any act, omission to act or negligent act on the part of the plaintiffs' decedent DEV MURJANI contributing thereto.

54. That at the time of his demise, the plaintiffs' decedent left surviving his children and common law wife. That prior to his demise, plaintiffs' decedent DEV MURJANI was in good health, industrious and in possession of all of his faculties.

55. That as a result of the death of the plaintiffs' decedent, his dtributiees have and/or will suffer pecuniary loss due to his death, and the Estate has necessarily paid funeral expenses and will incur expenses in the settlement of the Estate of the decedent.

56. As a result thereof the Estate of DEV MURJANI, has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

### CONCLUSION

WHEREFORE, plaintiffs ABEIH SALEH and JONATHAN MURJANI as Co-Administrators

of the Estate of DEV MURJANI demands judgment against defendants THE NEW YORK CITY, POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, THE NEW YORK CITY FIRE DEPARTMENT, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5, "such names being fictitious as the identity of same individuals is unknown" as follows: in the sum of Ten Million Dollars ($10,000,000.00) for the First through Fifth Causes of Action alleged herein, together with the costs and disbursements of this action, including punitive damages and attorneys' fees.

Dated:  Garden City, New York
        April 28, 2014

                                            LASKIN LAW P.C.,
                                            Attorneys for Plaintiff
                                            585 Stewart Avenue, Suite L20
                                            Garden City, New York 11530
                                            (516) 213-5151
                                            By: _____
                                                Michelle F. Laskin (0836)


TO:   Zachary W. Cartner, Esq.
      Corporation Counsel of the
      City of New York
      Attorney for Defendants, The City of New York
      The New York City Police Department and
      The New York City Fire Department
      100 Church Street
      New York, NY 10007

      72nd Precinct
      830 4th Avenue
      Brooklyn, New York 11232

**Index No.:**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ABEIR SALEH and JONATHAN MURJANI, Co-Administrators of the Estate of DEV MURJANI, Deceased,

**Plaintiff,**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE" 1-5, NYPD SARGENT "JOHN DOE" SHIELD 1245, THE NEW YORK CITY FIRE DEPARTMENT, EMERGENCY MEDICAL SERVICE WORKERS "JOHN DOE" 1-5 and FIREMEN "JOHN DOE" 1-5 "such names being fictitious as the identity of same individuals are unknown"

**Defendant(s).**

---

### AMENDED VERIFIED COMPLAINT

---

**LASKIN LAW PC**
**Attorneys for Plaintiff(s)**
**585 Stewart Avenue**
**Garden City, New York 11530**
**(516) 213-5151**

================================================================
Service of a copy of the within                                    is hereby admitted.

Dated:   Garden City, New York
         May 29, 2014                 _____
                                      MICHELLE LASKIN, ESQ.
================================================================

**PLEASE TAKE NOTICE**

____ That the within is a true copy of an entered in the office of the clerk of the within named Court on

____ That an Order of which the within is a true copy will be presented for settlement to the Hon.         , one of the judges of the within named Court, at         , N.Y., on     at 9:30 a.m.

                                      LASKIN LAW PC
                                      Attorney(s) for Plaintiff(s)
                                      585 Stewart Avenue
                                      Garden City, New York 11530

**TO:**   Attorney(s) for Defendant(s)